IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,050-01






EX PARTE JAMES PEMBERTON STEWART IV, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007CRN11-D1 IN THE 49TH DISTRICT COURT


FROM WEBB COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Fourth Court of Appeals affirmed his conviction.
Stewart v. State, No. 04-08-00274-CR (Tex. App.-San Antonio Jul. 22, 2009) (unpublished). 

 Applicant alleges five grounds for relief including, among others, ineffective assistance of
trial counsel, actual innocence, false evidence, and newly discovered evidence. He alleges trial
counsel should have conducted a thorough pre-trial investigation which would have led to the
discovery of witnesses that would have bolstered his theory of the case, rebutted the State's claims
that he was a member of a gang, and provided more mitigation evidence. Applicant alleges that he
is actually innocent based on the allegedly newly-discovered evidence of his co-defendant's
girlfriend's statements and he argues that allegedly newly-discovered evidence that he is not a
member of "La Eme" undermines confidence in the outcome of both phases in the trial. Applicant
also alleges that the State presented false evidence of his alleged gang affiliation at both phases of
trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Ghahremani, 332 S.W.3d 470 (Tex. Crim. App. 2011); Ex parte
Chavez, 213 S.W.3d 320, 324-326 (Tex. Crim. App. 2006). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall obtain a response from 
Applicant's trial counsel addressing Applicant's claims of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. Specifically, the trial court shall make findings as to whether
counsel should have discovered Victoria Flores and, if so, the trial court shall make an assessment
of Flores's credibility. If counsel should have discovered and presented Flores's testimony, the court
shall make specific findings as to whether this failure harmed Applicant. The trial court shall also
make specific findings as to whether counsel should have investigated Applicant's tattoos and
discovered a witness to rebut the State's alleged assertion that Applicant's tattoos reflected
membership in the Mexican Mafia. If so, the trial court shall make findings concerning the credibility
of Robert Lopez and Sigifredo Sanchez and detailing whether counsel's failure to present their
testimony harmed Applicant. The trial court shall also make specific findings as to whether counsel
conducted an adequate investigation into punishment evidence on behalf of Applicant, who has
proffered several affidavits from proposed witnesses. The trial court shall make credibility findings
as to those witnesses, and if counsel erred in not discovering and/or presenting them, the trial court
shall make specific findings as to whether Applicant was harmed by this error. 

 The trial court shall make findings of fact and conclusions of law as to whether Victoria
Flores's affidavit and proposed testimony is newly discovered evidence and, if so, whether it is
sufficient to prove that Applicant is actually innocent. Ex parte Tuley, 109 S.W.3d 388, 392 (Tex.
Crim. App. 2002) (citing Ex parte Elizondo, 947 S.W.2d 202, 207 (Tex. Crim. App. 1996)); Ex parte
Brown, 205 S.W. 3d 538, 545-46 (Tex. Crim. App. 2006). 

 The trial court shall also make specific findings of fact and conclusions of law addressing
whether Jorge Guerra's statements are "newly discovered evidence" and, if so, whether they "cast
substantial doubt upon the reliability of the sentencer's assessment of a particular term of years." Ex
parte Chavez, 213 S.W.3d 320, 324-326 (Tex. Crim. App. 2006). 

 The trial court shall also make specific findings of fact and conclusions of law addressing
whether the State sponsored false evidence that Applicant was part of a gang. If the trial court finds
that false evidence was introduced, the court shall make findings as to whether the Applicant has
shown by a preponderance of the evidence that the error contributed to his conviction or punishment,
whether the issue could have been raised on appeal, and whether the State knowingly sponsored false
evidence. Ex parte Ghahremani, 332 S.W.3d 470, 477-78 (Tex. Crim. App. 2011); Ex parte Chabot,
300 S.W.3d 768, 771 (Tex. Crim. App. 2009). 

 The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 2, 2011

Do not publish